UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS UNION LOCAL NO. 1 ANNUITY AND 401(k) FUND; TRUSTEES OF THE ELEVATOR CONSTRUCTORS UNION LOCAL NO. 1 EDUCATION AND APPRENTICE TRAINING FUND,<br><br>Plaintiffs,<br><br>-against-<br><br>CURRENT ELEVATOR TECHNOLOGY, INC.,<br><br>Defendant. | 16 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA") to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiffs are employer and employee trustees of the Elevator Constructors Union Local No. 1 Annuity and 401(k) Fund (the "Annuity Fund") and the Elevator Constructors Union Local No. 1 Education and Apprentice Training Fund (the "Education and Training Fund," and collectively with the Annuity Fund, the "Funds"). The Funds are multiemployer labor-management trust funds organized and operated in accordance with 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Funds are located at 47-24 27th Street, Long Island City, N.Y. 11101.

5. Current Elevator Technology, Inc. ("Defendant" or "Current Elevator") is a corporation incorporated under the laws of the State of Pennsylvania. At all relevant times, Current Elevator was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142.

## STATEMENT OF FACTS

6. At all relevant times, Current Elevator was a party to a collective bargaining agreement ("CBA") with the International Union of Elevator Constructors Local No. 1 of New York and New Jersey (the "Union").

7. The CBA required Current Elevator, *inter alia*, to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

8. The CBA also required Current Elevator, *inter alia*, to submit reports on a monthly basis to the Funds detailing the amount of Covered Work performed.

9. Contributions are due by the end of the month following the month in which employment occurred (the "Due Date").

10. The interest rate for delinquent contributions is 12% per annum commencing on the Due Date for which contributions are delinquent.

11. Current Elevator failed to make required contributions for August through December 2015 in the amount of $16,334.16 to the Annuity Fund and $251.20 to the Education and Training Fund.

12. Current Elevator failed to make required contributions to the Funds for January and February 2016 in an amount believed to be in excess of $2,472.06.

13. Current Elevator failed to make timely contributions to the Annuity Fund for September 2014 through July 2015, thereby accruing late-payment interest in the amount of $1,405.36.

**FIRST CLAIM FOR RELIEF**
**(Breach of the CBA by Current Elevator)**

14. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. At all relevant times, Current Elevator was a party to a CBA with the Union.

16. The CBA required Current Elevator to make specified hourly contributions to the Funds in connection with all Covered Work.

17. The CBA required Current Elevator to submit reports on a monthly basis to the Funds detailing the amount of Covered Work performed.

18. Current Elevator has violated the terms of the CBA by failing to remit contributions for August through December 2015 in the amount of $16,334.16 to the Annuity Fund and $251.20 to the Education and Training Fund.

19. Current Elevator also failed to make required contributions to the Funds for January and February 2016 in an amount believed to be in excess of $2,472.06.

20. Under the CBA and the documents governing the Funds, Current Elevator is liable to the Funds for the total amount of contributions to be determined at trial, interest thereon, liquidated damages, and all reasonable attorney's fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

## **SECOND CLAIM FOR RELIEF**
**(Violation of ERISA by Current Elevator)**

21. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

23. At all relevant times, Current Elevator was a party to a CBA with the Union.

24. The CBA required Current Elevator to make specified hourly contributions to the Funds in connection with all Covered Work.

25. Current Elevator has violated Section 515 of ERISA by failing to remit contributions for August through December 2015 in the amount of $16,334.16 to the Annuity Fund and $251.20 to the Education and Training Fund.

26. Current Elevator also failed to make required contributions to the Funds for January and February 2016 in an amount believed to be in excess of $2,472.06.

27. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Current Elevator is liable to the Funds for the total amount of contributions to be determined at trial, interest thereon, late-payment interest, liquidated damages, and all reasonable attorney's fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

### THIRD CLAIM FOR RELIEF
**(Breach of the CBA by Current Elevator)**

28. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. At all relevant times, Current Elevator was a party to a CBA with the Union.

30. The CBA required Current Elevator to make specified hourly contributions to the Annuity Fund in connection with all Covered Work.

31. Pursuant to the CBA, interest at the rate of 12% per annum is assessed on late payments to the Annuity Fund.

32. Current Elevator failed to make timely contributions to the Annuity Fund for September 2014 through July 2015, thereby accruing late-payment interest in the amount of $1,405.36.

33. Under the CBA and the documents governing the Funds, Current Elevator is liable to the Annuity Fund for the total amount of late-payment interest to be determined at trial, and all reasonable attorney's fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendant Current Elevator for the total amount of contributions to be determined at trial, interest thereon, late-payment interest, and liquidated damages;

(2) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(3) Award Plaintiffs such other and further relief as is just and proper.


Dated: New York, New York        Respectfully submitted,
       April 7, 2016
                                 **VIRGINIA & AMBINDER, LLP**


                          By:    _____/s/_____
                                 Charles R. Virginia
                                 Julia Belagorudsky
                                 40 Broad Street, 7th Floor
                                 New York, NY 10004
                                 (212) 943-9080
                                 *Attorneys for Plaintiffs*